IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:12-cr-00027-GEB |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER CONCERNING REQUEST TO |
| ) | SEAL/REDACT SENTENCING |
| RANI RACHANA SINGH-LAL, ) | MEMORANDUM |
| ) | |
| Defendant. ) | |
| _____ ) | |

On July 18, 2013, Defendant Rani Rachana Singh-Lal ("Defendant") filed a "Request to Seal Document" in which she sought "an order allowing her to file her sentencing memorandum under seal on the basis that said memorandum contains 'protected health information,' as that term is defined within the federal Health Insurance Portability and Accountability Act (HIPAA), Public Law 104-191." (Def.'s Notice of Req. to Seal Doc. 1:19-22, ECF No. 103.)

Since Defendant's sealing request was clearly overbroad, an order issued on July 19, 2013, directing Defendant to "submit[] for in camera consideration [a] redacted version" of the sentencing memorandum that she proposes be filed. (Order 1:13-22, ECF No. 105.)

Defendant submitted for in camera consideration a proposed redacted version of her sentencing memorandum on July 30, 2013. However, Defendant has not provided sufficient justification for the proposed redactions under applicable law.

1

The public has a right of access "to sentencing memoranda under the First Amendment and the common law right to judicial records." United States v. Dare, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008); see also United States v. Rivera, 682 F.3d 1223, 1229 (9th Cir. 2012) ("[T]he First Amendment right of access applies to sentencing proceedings."). "Access to such documents is warranted because they have a direct bearing on sentencing which is a quintessential judicial function. The defendant, the government[,] and the public all have a right to know what information influences a judicial assessment of reasonable punishment." United States v. Strevell, No. 05-CR-477 (GLS), 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009). "However, the rights of access are not absolute." Id.

> Under the common law, judicial documents enjoy a presumption of access which can be rebutted by countervailing factors that outweigh public interests. One seeking to deny First Amendment access confronts a heavier burden than one seeking to deny common law access, but access is nonetheless qualified. Thus, denial of access is permissible if dictated by a process that balances [the proffered competing] interests against the First Amendment right, as long as denial of access is narrowly tailored to serve those interests.

Id. (citations omitted); see also United States v. Biagon, 510 F.3d 844, 848 (9th Cir. 2007) (discussing substantive requirements to permit closure/sealing under the First Amendment). "Regardless of whether" the proposed redactions are analyzed under the common law or First Amendment right of access, "[Defendant] must demonstrate that [her] interests outweigh public disclosure." Strevell, 2009 WL 577910, at *4.

A defendant's privacy interests "may justify the nondisclosure of sentencing memoranda." Dare, 568 F. Supp. 2d at 244. "However, a formulaic recitation of such an interest will not suffice to justify sealing." Strevell, 2009 WL 577910, at *5.

1  Here, "Defendant has chosen to introduce . . . medical [and other] information [she considers private] in an attempt to mitigate [her] sentence." Dare, 568 F. Supp. 2d at 244. Defendant has not shown that her "privacy interest[s]" outweigh "the public right to th[is information]," which she has submitted to "inform the Court's sentencing." Id.; see also Strevell, 2009 WL 577910, at *5 ("[A] defendant's privacy rights are generally subservient to the higher public value of access."); United States v. King, No. 10 Cr. 122 (JGK), 2012 WL 2196674, at *2-3 (S.D.N.Y. June 15, 2012) (denying a defendant's request to file sentencing documents under seal where the documents "relate to medical conditions that the Court [was] asked to consider in arriving at the sentence").

Accordingly, Defendant's request to file the proposed redacted version of her sentencing memorandum is denied since she has not shown "good cause" for the filing as prescribed in Federal Rule of Criminal Procedure 49.1(e). No later than July 31, 2013, Defendant shall file on the public docket an unredacted version of her sentencing memorandum. In the alternative, no later than July 31, 2013, Defendant may withdraw from the Court's in camera consideration her current sentencing memorandum and may file an alternative sentencing memorandum on the public docket which does not include information that Defendant opines is private and that does not appear pertinent to sentencing.[1]

Dated: July 30, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] Certain of Defendant's proposed redactions concern medical conditions and other presumably private information which do not appear germane to her sentencing.

3