IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RANI RACHANA SINGH-LAL,<br><br>　　　　Defendant.<br>_____ | 2:12-cr-00027-GEB<br><br>**TENTATIVE RULING** RE <u>OBJECTIONS TO PRESENTENCE REPORT</u> |

Each party makes formal objections to the Presentence Report ("PSR"). The objections are addressed in turn.

**A.　Six Point Enhancement under Section 2L1.1(b)(2)(B)**

Defendant objects to paragraph twenty-nine of the PSR, in which the United States Probation Officer ("Probation") recommends a six-level enhancement under U.S. Sentencing Guidelines Manual ("Sentencing Guidelines") § 2L1.1(b)(2)(B) for an offense that "involve[s] the smuggling, transporting, or harboring" of 25 or more unlawful aliens.

///
///
///
///

1

>   The basis for Probation's application of this enhancement is as follows:
>
>> The conspiracy involved more than 25 petitions submitted on behalf of aliens. The defendant's criminal conduct assisted in aliens residing in the United States unlawfully based on fraudulent petitions. It was reasonably foreseeable that these aliens would have to travel in order to obtain entry, and the defendant and her codefendants' conduct assisted them in having their means of transportation approved via fraudulent petitions. Although the defendant did not personally transport or harbor any of the aliens, pursuant to USSG [§] 1B1.3(a)(1)(B), the defendant is held for all foreseeable acts and omissions of others in the furtherance of the jointly undertaken criminal activity. Pursuant to [section] 2L1.1(b)(2)(B), [six] levels are added because the offense involved the smuggling, transporting, or harboring of 25 or more unlawful aliens.

(PSR ¶ 29.)

>   Defendant argues:
>
>> While U.S.S.G. §2L1.1 is entitled "Smuggling, Transporting, or Harboring an Unlawful Alien," it encompasses and is applicable to all variants of offenses concerning aliens contained within 8 U.S.C. § 1324(a) . . . .
>>
>> [Defendant's charged offense] does not in and of itself involve actual smuggling, transporting[,] or harboring of . . . aliens unless there is evidence to the contrary. Therefore, an offense that comes under the purview of U.S.S.G. 2L1.1 for offense level scoring will not always involve application of the enhancement for the number of aliens involved, unless there is evidence of actual smuggling, transporting or harboring of those aliens.

(Def.'s Objections to the Presentence Report ("Def.'s Objs.") 2:14-16, 3:7-12, ECF No. 104.) Defendant further argues:

>> The object of the fraudulent marriage scheme . . . that [Defendant] participated in, was to provide United States citizens as brides (and sometimes grooms) to Indian nationals. Sippy Lal would then prepare and file petitions seeking either fiancé or immediate relative visas for the Indians. It was

2

       foreseeable that if a petition was successful, then the Indian national could gain a visa and might then bring himself into the United States. That is all. This constitutes the offense of "encouraging or inducing" aliens to enter the country. It does not amount to actual smuggling or transporting of aliens and no smuggling or transporting was carried out by any of the participants here. This was not a smuggling and transporting operation.

       Nor was there any "harboring" of illegal aliens . . . . If Sippy Lal and his wife, Mamta Sharma, provided additional services to any Indian nationals who later entered the country on visas obtained by their efforts, . . . then it is the Government's burden to prove that . . . . As it stands, the Government has provided no evidence that Sippy Lal and Sharma somehow "harbored" six or more aliens who entered the country on these visas. All that is known is the single statement on page 6 of the PSR: "[a]fter the petitions were successful, and the Indian national would gain entry into the United States, Sharma or [Sippy] Lal would arrange to show up at the U.S. Citizenship and Immigration Services (USCIS) to assist the nationals in obtaining United States citizenship." The source of that statement is unknown and, in any event, that is not enough.

       In sum, the Probation Officer reasoned that the smuggling, transporting[,] or harboring enhancement applies because there were 25 or more petitions filed by Sippy Lal and it was foreseeable that 25 or more aliens could thereby obtain visas and then could travel to the United States. Any aliens who did bring themselves to this country in this fashion were not smuggled or transported by the defendants or any other participants; self travel to the United States does not amount to being smuggled or transported by another. . . . And, significantly, there exists no evidence whatsoever that either 6 or more or 25 or more Indian nationals ever entered the United States as a result of the fraudulent petitions. In sum, the Probation Officer's conclusion is unsupported by the facts and is entirely speculative.

(Id. 6:26-8:2.)

       The government counters:

       [Section 2L1.1] includes multiple specific offense characteristics that relate to the nature and severity of the offense. However, the only provision that accounts for the scope of the

3

>     offense based on the number of aliens involved is set forth in [subsection (b)(2)].[Defendant] encourages the Court to construe this provision as only applying to smuggling, transporting, and harboring offenses. . . . If [Defendant's] position were correct, then under what she concedes is the applicable guideline, there would be no distinction between an offense which involves only a single petition, and one (like her own) which involves well over 25 petitions. . . . It would make little sense not to account for the scope of defendant's offense simply because the crime involved "inducing and encouraging" rather than "smuggling, transporting, and harboring."

(Gov't's Sentencing Reply Br. ("Gov't's Reply") 2:14-22, 3:27-4:1, ECF No. 107.)

The government further rejoins: "While there is scant authority on the precise issue raised in this case, there are at least two Eleventh Circuit cases applying § 2L1.1(b)(2) to conduct that closely resembles that of the defendants in this case[,]" specifically, United States v. Martinez, 365 F. App'x 169 (11th Cir. 2010), and United States v. Evans, 188 F. App'x 878 (11th Cir. 2006). (Id. at 3:12-14.)

In the alternative, the government counters that "the conduct in this case qualifies as a conspiracy to 'harbor' as some federal courts have defined it." (Id. 4:8-9.) The government argues: "there can be no dispute that the conspiracy involved 'conduct tending substantially to facilitate an alien[] remaining in the United States illegally and to prevent government authorities from detecting his unlawful presence.'" (Id. at 4:22-24 (quoting United States v. Myung Ho Kim, 193 F.3d 567, 575 (2d Cir. 1999).)

Defendant replies that the "Government has not and cannot provide any supporting case law or other authority" for its contention that section 2L1.1(b)(2) "automatically appl[ies] to all offenses that come under the purview of § 2L1.1 without regard to the facts and the

4

evidence." (Def.'s Reply to Gov't's Formal Objection to the Presentence Report and to Gov't's Sentencing Mem. ("Def's Reply") 2:11-14, ECF No. 108.) Defendant further replies that "[i]n neither of the [two unpublished 11th Circuit decisions on which the Government relies] was the sufficiency of the evidence for the enhancement at issue on appeal[,]" and both cases involved conduct of "'harboring' aliens within the United States" with "evidence, documentary and otherwise, that proved the number of aliens who had been harbored." (Id. at 2:22-23, 3:16-24.)

Section 2L1.1(b)(2) prescribes: "If the offense involved the **smuggling, transporting, or harboring** of six or more unlawful aliens, increase [the base offense level]" by three for 6-24 aliens, six for 25-99 aliens, and nine for 100 or more aliens. (emphasis added).

Application of the six level enhancement would increase Defendant's advisory sentencing guideline range from eighteen to twenty-four months to thirty-three to forty-one months. Therefore, the government bears the burden of proving application of the enhancement by clear and convincing evidence. United States v. Staten, 466 F.3d 708, 720 (9th Cir. 2006).

The government has provided no authority to support its argument that section 2L1.1(b)(2) applies without evidence that the offense involved the smuggling, transportation, or harboring of six or more aliens. The government's argument essentially reads the phrase "smuggling, transporting, or harboring" out of this Sentencing Guidelines subsection. Further, insufficient evidence exists in the sentencing record to support the government's alternative argument that six or more aliens were "harbored" by members of the conspiracy. "Harboring means any conduct that 'substantially facilitate[s] an

alien's remaining in the United States illegally." <u>United States v. Tipton</u>, 518 F.3d 591, 595 (8th Cir. 2008) (emphasis added); <u>see also</u> Ninth Cir. Model Crim. Jury Inst. 9.3 (2010) (including as an element of harboring under 8 U.S.C. § 1324(a)(1)(A)(iii) that the alien "was not lawfully in the United States"). The government has not shown by clear and convincing evidence that six or more, or twenty-five or more, aliens were in the United States as a result of the offense conduct, which is a necessary prerequisite to them being "harbored," i.e., the facilitation of an alien remaining in the United States illegally.

For the stated reasons, Defendant's objection to application of section 2L1.1(b)(2)'s six-level enhancement is sustained. Therefore, Defendant's offense level is thirteen, and the advisory sentencing guideline range is eighteen to twenty-four months.

**B.   Assistance in Filing Petitions**

Defendant also objects to the statements in paragraphs 12 and 30 of the PSR in which it states that Defendant assisted in preparing and/or filing petitions on behalf of Indian nationals with immigration authorities. (Def.'s Objs. 8:12-9:23.) Defendant argues that she "provided no 'assistance' to anyone to prepare or file fiancé and alien relative petitions that are the subject of this offense[,] and there is no evidence that she did so." (<u>Id.</u> at 8:17-18.)

This objection is sustained.

**C.   Probation's Recommendation for a Downward Variance**

The government objects to Probation's recommended downward variance in paragraph eighty-three of the PSR. (Gov't's Formal Objection to Presentence Report ("Gov't's Obj.") 1:18-19, ECF No. 106.) Probation stated a downward "variance from the guideline is appropriate to avoid

unwarranted sentence disparities" among defendants with similar records who have been found guilty of similar conduct. (PSR ¶ 83.)

Decision on this objection is unnecessary in light of the above ruling on the six-level enhancement under section 2L1.1(b)(2)(B).

Dated:  August 1, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge